NOT FOR PUBLICATION                                          [Docket No. 19]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ROY ROGERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GLOUCESTER TOWNSHIP HOUSING<br>AUTHORITY, et al.,<br><br>　　　　　Defendant. | Civil No. 14-1268 RMB/KMW<br><br>**OPINION** |

APPEARANCES:

Jacob Ginsburg
Haines & Associates
1835 Market Street, Suite 2420
Philadelphia, PA 19103
　　Attorneys for Plaintiff

Keith Murphy
Gordon & Rees LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
　　Attorneys for Defendants

**BUMB**, United States District Judge:

　　This matter comes before the Court upon a Motion by Defendants, Gloucester Township Housing Authority, Cynthia Carlamere, Steven Piccolo, Stan Washington, Kelly Matthews, Willie Fontanez and Steve Orner, (the "Defendants"), to dismiss Count I (a Fourteenth Amendment claim asserted via 42 U.S.C. §

1983) and Count IV (a New Jersey Conscientious Employee Protection Act claim) of Plaintiff Roy Rogers's ("Plaintiff") Second Amended Complaint.  For the reasons set forth below, Defendants' motion will be granted in part.

I.  Background[1]

The crux of Plaintiff's Second Amended Complaint ("SA Complaint"), relates to his termination as the Executive Director of the Gloucester Township Housing Authority ("GTHA").  Plaintiff alleges he entered into a five year Employment Agreement (the "Agreement") to become the full-time Executive Director of the GTHA in March of 2010.  SA Compl. ¶ 18.[2]  According to its terms, the Agreement provided that it was for a five year period "unless either party provides notice to the other of its intention to terminate the Agreement at least one hundred and twenty (120) days prior to the termination date."  Pl.'s Ex. A at ¶ 7.  In addition, Section 8 of the Agreement, entitled "Termination of Employment," sets forth several grounds on which the Executive

---

[1] This Court will accept the Plaintiff's well-pled allegations as true for purposes of this motion to dismiss.  See Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

[2] A copy of the Agreement is attached to the SA Complaint as Exhibit A.

2

Director could be terminated "for cause" including, inter alia: failure to perform duties as set forth in the Agreement and failing to cure such failure, conviction for a disorderly persons offense, inability to perform duties, breaching the Agreement, or failing to abide by professional standards.  SA Compl. ¶ 28 & Pl.'s Ex. A at ¶ 8.  The "Termination of Employment" section also states, "[u]pon termination of this Agreement and/or Executive Director's employment with or without cause, the Executive Director shall receive only compensation accrued but unpaid as of the date of the termination."  Pl.'s Ex. A at ¶ 8.

Plaintiff avers that in April 2012, the GTHA attempted "to force a re-negotiation under paragraph 6(a) of the Employment Agreement . . . ," and that the Defendants later "manufacture[d] charges against [him] which were untrue and without any factual support" and did not "provide Plaintiff with written notice that he had 5 days to cure any alleged deficiencies." Id. at ¶¶ 30 & 35-36.  On or about January 30, 2013,[3] the GTHA placed Plaintiff on administrative leave, and on February 27, 2013, the Board of the GTHA held a meeting and decided to terminate Plaintiff.  Id.

---

[3] The SA Complaint improperly refers to 2014.  Plaintiff refers to the correct date in his opposition brief.  See Docket No. 20.

at ¶ 39.  Plaintiff was not given notice of the Board meeting nor an opportunity to be heard prior to his termination.  Id. at ¶ 40.  Plaintiff was informed via letter that he had been terminated as of February 27, 2013.  Id. at ¶ 41.

Plaintiff contends that he never engaged in any activity that constituted "cause" for termination under the terms of the Agreement.  Id. at 44.  Instead, he avers that he was terminated "due to his objections to and non-compliance with the perceived unlawful and unethical conduct of the GTHA and Township."  Id. at 42.  More specifically, Plaintiff alleges that he:

- Objected to the GTHA retaining "Lopa Kolluri" for a development project because she did not bid on the contract and would collect a large fee;

- Refused to request campaign donations from private contractors;

- Objected to the transfer of land from the GTHA to the Township by Cindy and David Carlamere because they were married and had not obtained his consent; and

- Wrote a letter objecting to a replacement of a third party property accountant with Gloucester Township in-house staff.  Id. at ¶ 48, 50, 54 & 56.

Based on the above averments, Plaintiff has alleged four separate counts in his Complaint.[4]  Count I alleges that the GTHA

---

[4] The SA Complaint originally contained a fifth count, which has been dismissed pursuant to a stipulation between Plaintiff and Gloucester Township.  [Docket No. 22].

4

and individual Defendants violated his Fourteenth Amendment due process rights because he had a property interest in his job and could only be terminated under the terms of the contract "for cause."  Id. at 66.  In Count II, Plaintiff asserts that GTHA breached the express terms of the Agreement, and Count III alleges that the GTHA and individual Defendants violated N.J.S.A. § 40a:12a-18, which provides for a minimum of 120 days' notice before an Executive Director of a Housing Authority may be terminated.  Finally, in Count IV, Plaintiff avers that GTHA and certain individual Defendants violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1 et seq., when Plaintiff was terminated due to his objections to actions that he "reasonably believed were fraudulent and/or in violation of the law."  SA Compl. at ¶¶ 85-86.  The instant motion seeks to dismiss Counts I and IV only.

## II.  Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "[A]n unadorned, the-defendant-unlawfully harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citing Chester County

Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

**III. Analysis**

For the reasons set forth below, this Court will grant Defendants' motion with respect to Count I and decline supplemental jurisdiction over the remaining state law claims.

A. Count I – 42 U.S.C. §1983: Procedural Due Process

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).  To state a claim under 42 U.S.C. § 1983 for deprivation of a procedural due process right, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006).  As set forth above, Plaintiff has alleged that his Fourteenth Amendment procedural due process rights were violated

7

when he was terminated from his job as Executive Director because he could only be terminated "for cause," and because he was afforded no notice or opportunity to be heard.  SA Compl. at ¶ 66.

The instant case calls on this Court to first ask whether Plaintiff has set forth in his SA Complaint a property interest sufficient to withstand a motion to dismiss.  See Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1395-96 (3d Cir. 1991).  While it is certainly "beyond dispute that a contract with a state entity can give rise to a property right protected under the Fourteenth Amendment," the Supreme Court "has never held that every state contract gives rise to a property interest protected under the Fourteenth Amendment."  Id. at 1397. See also Dee v. Borough of Dunmore, 549 F.3d 225, 203-31 (3d Cir. 2008)(same, citing Unger).  Instead, the Third Circuit has found there are generally two types of contracts which create protected property interests under the Fourteenth Amendment: The first type arises where the contract confers a protected status such as those characterized by "either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both . . . ."  Linan-Faye Constr. Co. v. Housing Auth., 49 F.3d 915, 932 (3d Cir. 1995) (quoting Unger, 928 F.2d

8

at 1399). The second type, relevant in this case, is where "the contract itself includes a provision that the state entity can terminate the contract only for cause." Id. (emphasis added); see also Baraka v. McGreevey, 481 F.3d 187, 207 (3d Cir. 2007)(citing Unger).

The Defendants argue that Count I must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff cannot, as a matter of law, "establish a protectable property interest in his former position as Executive Director of the GTHA sufficient to implicate the procedural due process requirements of the Fourteenth Amendment." Defs.' Br. at 5. More specifically, the Defendants contend that the plain language of the Agreement provides that Plaintiff could be terminated for cause without notice or without cause and 120 days' notice. Defs' Br. at 8. Because of this clear "without cause" language, Defendants argue that Plaintiff can plead no protected property interest to establish a substantive due process claim.

The relevant provisions of the Agreement state that it "shall automatically renew for additional one (1) year periods unless either party provides notice to the other of its intention to terminate the Agreement at least one hundred and twenty (120) days prior to the termination date." Pl.'s Ex. A. ¶ 7. Under the

9

"Termination of Employment" Section, the Agreement sets forth grounds for terminating the Executive Director's "employment for cause without notice." <u>See</u> p. 3 supra. The last paragraph of the Termination of Employment section of the Agreement states: "Upon termination of this Agreement and/or Executive Director's employment, <u>with or without cause</u>, the Executive Director shall receive only compensation accrued, but unpaid, as of the date of the termination." Pl.'s Ex. A at ¶ 8 (emphasis added).

Plaintiff argues that "[t]he language in the contract that describes termination 'without cause' was clearly intended to refer only to post-termination compensation." Pl.'s Br. at 7. Thus, he maintains that the Agreement provided for termination "for cause" only and, therefore, Plaintiff has a protected property right in his employment.[5] In addition, Plaintiff asks that the claim be permitted to proceed to discovery if this Court deems the language of the Agreement ambiguous with respect to whether or not termination was permitted "without cause."

---

[5] The Court understands Plaintiff's claim in Count I to be grounded solely on the language of the Agreement. If the Court has misinterpreted Plaintiff's claim, Plaintiff may file a Motion for Reconsideration pursuant to New Jersey Local Civil Rule 7.1(i).

10

As an initial matter, this Court finds that the language of the Agreement, which appears to form the sole basis for Count I, is unambiguous as the provisions at issue are not contradictory, leaving "no room for interpretation or construction." Karl's Sales & Serv. v. Gimbel Bros., 249 N.J. Super. 487, 493 (N.J. App. Div. 1991).  As such, the contract can be interpreted by this Court as a matter of law.  Selective Ins. Co. v. Hudson East Pain Management, 210 N.J. 597, 605 (2012).  The unambiguous plain meaning of the Agreement provides that the Executive Director can be terminated "without cause."  Hence, as set forth above, Plaintiff cannot establish a protected property interest.

The Plaintiff's reading of the "without cause" language as only pertaining to compensation is flawed.  First, there is an entirely separate section of the Agreement entitled "Compensation of the Executive Director" that deals with the payment of the Executive Director's salary.  In contrast, the language regarding "with cause" and "without cause" is contained in sections of the Agreement dealing with termination.  Pl.'s Ex. A at ¶ 6 & 8.  Second, reading paragraphs 7 and 8 of the Agreement together makes clear that the Agreement sets out, initially, that either party can terminate the Agreement if they provide "at least one hundred and twenty (120) days" notice prior to the termination

date. Id. at ¶ 7.  Section 8 of the Agreement then goes on to define when notice is not required – i.e., when there is a termination for cause as defined in Section 8.  The final paragraph of Section 8, which states that the Agreement can be terminated "with or without cause," read in context with Paragraph 7, makes clear that the Agreement can be terminated for cause without notice or with cause and without notice.

Thus, by its plain terms, the language of the contract contemplated that the Executive Director could be terminated "with or without cause" and the enumeration of conditions upon which the Executive Director could be terminated "with cause," and thus without notice, does not negate the clear words that he could be terminated "without cause" as set forth in Section 8, "Termination of Employment."  Furthermore, the fact that Plaintiff has alleged that the Agreement provision regarding 120 days' notice was violated does not mean that Plaintiff has adequately pled a property interest in his position.  See Goodman v. Hasbrouck Heights School Dist., No. 04-5861, 2007 U.S. Dist. LEXIS 45684, at * 17-18 (D.N.J. 2007)(noting that contract terminable for any reason on 60 days' notice did not create a protectable property interest and the failure to provide 60 days' required notice prior to termination was not a denial of due

12

process), aff'd, 2008 U.S. App. LEXIS 8683 (3d Cir. Apr. 21, 2008).  In sum, because the plain language of the Agreement provides that termination could take place "without cause," Plaintiff fails to state a plausible claim for relief under the Fourteenth Amendment and dismissal of the § 1983 claim is appropriate.  Iqbal, 556 U.S. at 679.

> B. Remaining State Law Claims

Because this Court has granted summary judgment in favor of Defendants on Plaintiff's only federal law claim asserted for alleged violations of the Fourteenth Amendment pursuant to § 1983, it will decline to exercise jurisdiction over all remaining state law claims.[6]  28 U.S.C. § 1367(c)(3).  See Hunter v. Rowan Univ., No. 04-1498, 2007 U.S. Dist. LEXIS 23515, *36 (D.N.J. Mar. 30, 2007), aff'd, 2008 U.S. App. LEXIS 23423 (3d Cir. 2008).  The remaining state law claims will be dismissed without prejudice and, pursuant to 28 U.S.C. § 1367(d), the statute of limitations for Plaintiff to bring such claims in state court will be tolled for thirty days after the date of dismissal.

---

[6] The remaining state law claims require an in depth analysis of applicable New Jersey law.

**IV. Conclusion**

For the reasons set forth above, this Court will grant the Defendants' motion to dismiss Count I of Plaintiff's SA Complaint.  The Court has declined supplemental jurisdiction over all remaining state law claims, which will be dismissed without prejudice.  An appropriate Order will issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated:    January 9, 2015